IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTHONY MARTINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-220 |
| | ) | |
| CAPT DANIELS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On September 24, 2025, Defendants removed 2025RCCV00716 from the Superior Court of Richmond County, Georgia, to this Court, and the case was assigned Civil Action Number CV 125-220.  (See doc. no. 1.)   Notwithstanding Defendant Daniels paid the filing fee to remove CV 125-220 to federal court, the case is still subject to screening by the Court to determine whether there are any viable claims.  See 28 U.S.C. § 1915A; see also Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1277-78 (11th Cir. 2001) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).  Thus, on September 26, 2025, the Court identified several pleading deficiencies in the original complaint, directed Plaintiff to submit an amended complaint within fourteen days, and provided instructions regarding amending the complaint.  (See generally doc. no. 4.)

The Court also provided Plaintiff the standard complaint form and cautioned him that failing to timely submit an amended complaint would be an election to have this case voluntarily dismissed without prejudice.  (Id. at 5; doc. no. 4-1.)  The Court's Order further instructed that because the Court would screen the required amended complaint to determine whether there were any viable claims, no Defendant was required to appear by answer or

response to defend the allegations raised in the pleadings filed in the Superior Court of Richmond, County, Georgia, 2025 RCCV00716, and removed to this Court as Civil Action Number CV 125-220, unless or until ordered to do so by this Court. (Doc. no. 4, p. 5.)

Despite receiving an extension of time through and including October 29, 2025, to comply with the Court's September 26th Order, (doc. no. 8), and despite filing two other motions unrelated to the pleading deficiencies in the interim, (doc. nos. 6, 7), Plaintiff has not submitted an amended complaint as required by the Court's September 26th Order.[1]  Nor has he provided the Court with any explanation why he has not complied.  Although Plaintiff mailed a notice of change of address postmarked October 29, 2025, (doc. no. 11), there is no indication on the docket by way of returned mail that Plaintiff has not received any of the Court's prior Orders.[2]

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Also, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or

---

[1]These two motions were dated after the Court's September 26th Order and before the original deadline for filing an amended complaint. (See doc. no. 6, p. 1; doc. no. 7, p. 1.)

[2]The Court previously cautioned Plaintiff that "he shall immediately inform the Court of any change of address." (Doc. no. 4, p. 5.)

without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file an amended complaint, or even to provide the Court with an explanation for his failure to comply with the September 26th Order - despite making other filings even though the Court directed an amended complaint must be filed in order to proceed with the case - amounts to a failure to prosecute in accordance with a Court Order. This is precisely the type of neglect contemplated by the Local Rules. Indeed, Plaintiff has been warned that failing to submit an amended complaint would be an election to have his case voluntarily dismissed. (See doc. no. 4, p. 5.) As Plaintiff did not pay any filing fee for this case and has not agreed to be responsible for any fees or costs associated with the case, the Court finds that the imposition of monetary sanctions is not feasible, and therefore, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**. Because the case is due to be dismissed, the Court also **REPORTS** and **RECOMMENDS** all pending motions be **DENIED AS MOOT**. (Doc. nos. 6, 7.)

SO REPORTED and RECOMMENDED this 10th day of November, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA